UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

FRANK H. COFFMAN, II,
            *Plaintiff-Appellant,*

v.

METROPOLITAN LIFE INSURANCE
COMPANY, d/b/a Metlife, d/b/a Met
Disability; AMERICAN HOME
PRODUCTS CORPORATION,
            *Defendants-Appellees.*

No. 02-2128

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CA-00-1156-2)

Submitted: April 30, 2003

Decided: October 7, 2003

Before MOTZ, KING, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Scott B. Elkind, Stephen F. Shea, ELKIND, SHEA & WASITIS, Silver Spring, Maryland, for Appellant. Erin Magee Condaras, JACKSON KELLY P.L.L.C., Charleston, West Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Frank H. Coffman, II, appeals the district court's order dismissing his action for disability benefits filed under the Employee Retirement Income Security Act of 1974 ("ERISA"). On appeal, Coffman, diagnosed with chronic fatigue syndrome ("CFS") in late 1996, asserts the district court erred in granting summary judgment to the Appellees, who denied him long-term disability benefits. We affirm.

Coffman contends the district court misapplied the relevant standard of review in assessing his claim. Generally, an allegedly wrongful denial of benefits is reviewed de novo, "unless the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which case the denial (if within the scope of the discretion that is explicitly or implicitly conferred by the plan), is reviewed for abuse of discretion. *Rego v. Westvaco Corp.*, 319 F.3d 140, 146 (4th Cir. 2003) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). In such cases, the benefits determination will not be disturbed provided it is reasonable; that is, if it is "the result of a deliberate, principled reasoning process" supported by substantial evidence. *Brogan v. Holland*, 105 F.3d 158, 161 (4th Cir. 1997). However, if the plan's administrator is also its insurer, courts must, on a case-by-case basis, adjust for the resulting potential conflict of interest by modifying the deference of their review and requiring a greater showing that the challenged decision is objectively reasonable. *See Elliott v. Sara Lee Corp.*, 190 F.3d 601, 605 (4th Cir. 1999).

We find the district court properly applied an abuse of discretion standard of review. We have previously found language similar to that found in Coffman's benefits plan to vest administrators with discretion. *See Ellis v. Metro. Life Ins. Co.*, 126 F.3d 228, 230, 233 (4th Cir. 1997). Further, Coffman's efforts to demonstrate a material con-

flict of interest are unpersuasive. The denial of Coffman's benefits was based on the lack of both a consensus diagnosis and objective medical support for Coffman's claimed disability, as well as videotape evidence suggesting Coffman exaggerated the severity of his illness. We therefore conclude that Coffman failed to demonstrate that the Appellees' decision to deny him benefits was not the result of a deliberate, principled reasoning process supported by substantial evidence.

Accordingly, we affirm the district court's order for the reasons stated in its comprehensive opinion. *See Coffman v. Metro. Life Ins. Co.*, No. CA-00-1156-2 (S.D.W. Va. Sept. 3, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*